UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY J. HAZELAAR,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CRUZ; et al.,<br><br>    Defendants.<br>                                           / | No. C 11-3204 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Larry J. Hazelaar, an inmate at the Santa Cruz County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. The complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Hazelaar is a pretrial detainee currently incarcerated at Santa Cruz County Jail. His complaint is far from a model of clarity, but appears to assert two claims. First, Hazelaar alleges that defendants have violated his rights by incarcerating him because he is not guilty of the criminal charges pending against him. Second, Hazelaar alleges that he has not received adequate medical and mental health care. The named defendants are the County, prosecutor, judge, and criminal defense attorneys involved in Hazelaar's criminal case. In his prayer for relief, Hazelaar does not seek damages and instead requests that he be released from custody and receive the medicines he needs.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A.  Claims Regarding The Criminal Proceedings

Hazelaar's first claim concerns his custody, as he challenges the propriety of his incarceration in jail and the pretrial commitment proceedings in connection with the criminal case pending against him. This claim is clearly an attempt to attack Hazelaar's custody. In fact, his prayer for relief requests that he be "released from this confinement." Complaint, p. 3. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

This court has authority to entertain a petition for a writ of habeas corpus by a person in custody, but not yet convicted or sentenced. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003); *Application of Floyd*, 413 F. Supp. 574, 576 (D. Nev. 1976). Such a person is not in custody "pursuant to the judgment of a state court," 28 U.S.C. § 2254, and therefore brings his petition under 28 U.S.C. § 2241(c)(3) rather than § 2254. *McNeely,* 336 F.3d at 824 n.1. Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that this court abstain until all state criminal

2

proceedings are completed and petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. *See Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980); *see also United States ex rel. Goodman v. Kehl*, 456 F.2d 863, 869 (2d Cir. 1972) (pretrial detainees must first exhaust state remedies). Therefore, the first claim is dismissed without prejudice to Hazelaar filing a petition for writ of habeas corpus, but only after he exhausts state court remedies, unless he can demonstrate special circumstances warranting federal intervention before the conclusion of his state court criminal proceedings.

B.    Medical And Mental Health Care

Hazelaar's second claim alleges that he is not receiving necessary medical and mental health care. The claim must be amended to cure some deficiencies.

The most significant problem with the claim is the absence of any health care providers among the list of defendants. In his amended complaint, Hazelaar must identify each and every defendant who he proposes to hold liable for deficiencies in his medical and mental health care. Hazelaar must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Hazelaar is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The other problem with the claim is that it lacks details sufficient to give defendants notice of the claim against them. Federal Rule of Civil Procedure 8(a)(2) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled

to relief." A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). For each instance in which he allegedly was denied medical or mental health care, Hazelaar must explain what his medical need was and allege facts showing deliberate indifference to it. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment).

In summary, for each instance in which the medical care (including mental health care) was constitutionally inadequate, Hazelaar should in his amended complaint (a) describe the medical need, (b) identify the date on which the medical treatment was refused, (c) identify who refused to provide medical treatment, (d) describe how he alerted that person to his need for medical treatment, and (e) state how the refusal to provide medical treatment affected him.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend only the medical care claim. The amended complaint must be filed no later than **December 23, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: November 18, 2011

_____
SUSAN ILLSTON
United States District Judge

4